UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8530-GW-AJRx | Date | December 8, 2023 |
|---|---|---|---|
| Title | *Rodolfo Gonzalez Ortega v. AT&T Services, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS (IN CHAMBERS):  ORDER DENYING MOTION TO REMAND; VACATING HEARING**

Rodolfo Gonzalez Ortega ("Plaintiff") has moved to remand in this action, arguing that defendant AT&T Services, Inc. ("Defendant") – the removing (and only remaining) defendant[1] – cannot meet its burden of demonstrating a sufficient amount in controversy for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] Plaintiff's Complaint contains eight claims for relief: 1) discrimination in violation of California Government Code §§ 12940 et seq.; 2) retaliation in violation of California Government Code §§ 12940 et seq.; failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k); 4) retaliation in violation of California Government Code §§ 12945.2 et seq.; 5) failure to provide reasonable accommodations in violation of California Government Code §§ 12940 et seq.; 6) failure to engage in a good faith interactive process in violation of California Government Code §§ 12940 et seq.; 7) declaratory judgment; and 8) wrongful termination in violation of the public policy of the State of California.

Consideration of several governing principles – certain of which Plaintiff gets wrong in his motion (and he did not file a Reply brief) – answers the question the motion poses. The Court will deny the motion without need for oral argument. *See* C.D. Cal. L.R. 7-15.

First, because no one denies that Plaintiff's state-court Complaint does not state a total amount-in-controversy, Defendant needs only to satisfy a preponderance-of-the-evidence standard in demonstrating

---

[1] The Complaint also originally named AT&T California and AT&T Technical Services, Inc. as defendants. Plaintiff dismissed those entities prior to removal. *See* Notice of Removal ¶ 5.

[2] The parties do not dispute the existence of complete diversity of citizenship. *See* Notice of Removal ¶¶ 10-11.

:

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8530-GW-AJRx | Date | December 8, 2023 |
|---|---|---|---|
| Title | *Rodolfo Gonzalez Ortega v. AT&T Services, Inc., et al.* | | |

that a sufficient amount is in-controversy here. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)*; Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). The "legal certainty" and/or any other standard of proof does not apply here.

Second, to the extent Plaintiff's motion should be taken as suggesting otherwise, Defendant was under no obligation to present evidence in support of its Notice of Removal. Although, in making the necessary demonstration, it *may* present "summary-judgment-type evidence," it is not *required* to have done so. Any assertion that Defendant was *required* to present such evidence at the time of removal (as opposed to at the time of opposing a *motion to remand*, where it may, in effect, be required) would be inconsistent with the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87-89 (2014). *See also Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1068-69 (9th Cir. 2021). In any event, in its Notice of Removal Defendant *did* submit relevant evidence, at least regarding Plaintiff's rate of pay and date of termination. *See* Declaration of Lisa Krueger in Support of Defendant AT&T Services Inc.'s Notice of Removal of Civil Action ("Krueger Decl."), Docket No. 1-8. It relies, at least in part, upon that evidence in opposing Plaintiff's motion.

Third, the Court must take into consideration not just lost wages up until the time of removal, but beyond that point as well. *See Chavez*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."). As such, Plaintiff is plainly incorrect in his contention that "damages should only be considered at the time of removal as any projections beyond that point are wholly speculative and should be disregarded." Docket No. 10, at 4:20-22.

Fourth, Plaintiff is incorrect about what attorneys' fees are to be taken into consideration in reaching an amount-in-controversy determination here. In *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit determined that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy." *Id.* at 788.[3] District courts estimating such fees may not be an exercise-in-exactitude, but it is what the law requires. Thus, a reasonable amount of attorneys' fees, including future attorneys' fees, are to be included in the amount. *See id.* at 795 ("In estimating future attorneys' fees, district courts may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'") (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)). Plaintiff's citations to

---

[3] Here, Plaintiff identifies his right to attorneys' fees as based upon California Government Code § 12965. *See, e.g.*, Complaint ¶ 48. Section 12965 allows a court, in its discretion, to award "reasonable attorney's fees" to the prevailing party. Cal. Gov't Code § 12965(c)(6).

: 

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8530-GW-AJRx | Date | December 8, 2023 |
|---|---|---|---|
| Title | *Rodolfo Gonzalez Ortega v. AT&T Services, Inc., et al.* | | |

cases standing for a contrary proposition are to district court decisions pre-dating *Fritsch*.

Turning to what is already in Plaintiff's Complaint, Defendant accurately observes that Plaintiff asserts that at least $25,000 is at issue *separately* for "emotional and mental distress and aggravation" and for punitive damages, *see* Complaint ¶¶ 35-36, totaling *at least* $50,000. As such, only $25,001 needs to be found in the remainder of what Plaintiff's Complaint puts at issue – in terms of substantive claims and attorneys' fees (future fees included), combined – for a minimum amount in controversy to be sufficient to give this Court diversity-based subject matter jurisdiction.

Defendant's Notice of Removal explained (with citation to evidence) that Plaintiff, who is claiming both past and future lost wages, earned $29.5125 per hour, or $1,180.50 per workweek at the time he was last employed with Defendant. *See* Notice of Removal ¶ 17; Krueger Decl. ¶ 4. If he had continued full-time work in his position he would have lost out on $146,382.00 (assuming he were to prevail on his claims), just covering the time period between when he was terminated and the time of Defendant's removal. *See* Notice of Removal ¶ 17.

Plaintiff believes that the entire amount of what he could have earned in his prior position should not be what is deemed in-controversy here considering that the nature of his case is that he was allegedly disabled and required accommodation, which could have meant he would have worked less, or in a different position, for the time period that is the subject of Defendant's calculation. Similarly, he asserts that the Court must take into account the prospect that he may have mitigated any damages to which he otherwise might have been entitled. However, Plaintiff has not presented any authority indicating that a court must effectively jump-ahead to the merits of such claims in order to assess what a plaintiff has put in controversy by raising a wrongful termination claim in association with accommodation/interactive process claims, disability-based or otherwise. Nor has he presented any authority that the possibility of mitigation might matter.

Even had Plaintiff presented such authority, it would be of questionable validity. For instance, in *Chavez*, the Ninth Circuit explained that the amount in controversy "is the 'amount at stake in the underlying litigation,'" and that if a plaintiff claims – and the law allows – recoupment of future wages, "then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that []he will actually recover them." 888 F.3d at 417 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)).

To put it simply, the Court is very comfortable concluding that the additional $25,001 that is necessary – after consideration of the $50,000 requested by the Complaint as to emotional/mental distress/aggravation damages and punitive damages – to bring this case to the jurisdictional-minimum for

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8530-GW-AJRx | Date | December 8, 2023 |
|---|---|---|---|
| Title | Rodolfo Gonzalez Ortega v. AT&T Services, Inc., et al. | | |

diversity-based subject matter jurisdiction is present in connection with the substantive claims and attorneys' fees that the Court must still factor into its calculation. Once corrected of its mistakes regarding what may be considered in making the necessary calculation, Plaintiff's motion to the contrary is simply not persuasive.

Plaintiff's motion to remand is denied. The December 14, 2023, hearing set for consideration of the motion is vacated.

This matter is also set for a Fed. R. Civ. P. 26(f) scheduling conference for December 14. The Court has reviewed the Joint Rule 26(f) Report filed by the parties (Docket No. 11), and finds it can set the schedule in this matter without hearing further statements from the parties. As per C.D. Cal. L.R. 7-15, the scheduling conference date is taken off calendar. This lawsuit was originally filed in state court on August 10, 2023, and removed to federal court on October 10, 2023. The Court sets the following dates:

1. The parties are free to amend pleadings under Fed. R. Civ. P. 15 up to December 29, 2023. Thereafter, any further amendments must be made by motion under Rule 16 or otherwise by order of the Court.
2. The parties have agreed to mediate this matter within six months. A post-mediation status conference is set for May 30, 2024 at 8:30 a.m., with mediation to be completed by May 27. The parties have chosen private mediation and will make arrangements so that the mediation can be completed by May 27 and a joint report filed with the Court by May 28.
3. All regular discovery will be completed by July 23, 2024. By "completed," the Court means that said discovery requests must be served sufficiently early such that a motion to compel (if necessary) can be filed, heard and complied with before the cut-off date.
4. All expert discovery will be "completed" (as described above) by August 23, 2024. The parties are to meet and agree in writing as to when initial expert reports will be exchanged and rebuttal expert reports thereafter.
5. The last day for the Court to hear any motions (other than motions in limine which will be heard at the pre-trial conference) is September 23, 2024.
6. The pre-trial conference will be held on October 24, 2024 at 8:30 a.m. See Judge Wu's Standing Order re Final Pre-Trial Conferences for Civil Jury Trials (ECF No. 7).
7. Jury trial will begin on November 7, 2024 at 9:00 a.m.

It is so ordered.

:

Initials of Preparer   JG